UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DANNY ROE,

                Plaintiff,

          v.

DEBT REDUCTION SERVICES, INC.,

                Defendant.

No. CV-05-0330-FVS

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on the Defendant's Motion for Summary Judgment Dismissal, Ct. Rec. 12.  The Plaintiff is represented by John J. Ries and Michael R. Church.  The Defendant is represented by Michael J. Hines.

**BACKGROUND**

Debt Reduction Services ("DRS") is a not-for-profit company that provides debt management and reduction services to its customers. Declaration of Greg Kannenberg, December 1, 2006, ¶¶ 4-5.  Once a customer enrolls in DRS's program, DRS provides such services as recommending a financial budget, consolidating debt, negotiating reductions in interest rates, and providing educational courses.  *Id.* Enrolling customers into its debt management program is DRS's core business operation.  *Id.* ¶ 7; Deposition of Danny Roe, September 7, 2006 at 140, ln 17-18.

The Plaintiff worked for DRS as a Financial Advisor on an at-will

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 1

basis from May 2002 until July 25, 2005.  Roe Dep. at 113, 132.  While the parties dispute the nature of the Plaintiff's responsibilities during this time period, they agree that the Plaintiff spent 90 percent of his time enrolling customers in DRS's debt management program.  Roe Dep. at 125.  The Plaintiff's job responsibilities also included seeking out referrals for new customers.  Roe Dep. at 116, 120.

When the Plaintiff began working for DRS, he was paid on an hourly basis and received overtime when he worked more than 40 hours per week.  Kannenberg Decl. ¶ 13.  In either November 2002 or May 2003,[1] DRS reclassified the Plaintiff's position as an administrative exempt position and began to pay the Plaintiff on a salary basis.  Kannenberg Decl. ¶ 18.  While the Plaintiff's base salary increased at this time, he no longer received overtime.  *Id.*; Roe Decl. ¶ 10.  The Plaintiff made a number of complaints about this change to Jim Sindlinger, the Spokane Branch Manager.  Roe Dep. at 240-241.  DRS discharged the Plaintiff from his employment on July 25, 2005.  Kannenberg Decl. ¶¶ 33-34.

The Plaintiff filed the instant suit on September 25, 2006, alleging claims for wrongful withholding of wages under the Fair Labor Standards Act ("FLSA"), failure to pay overtime in violation of Washington's Minimum Wage Age ("MWA"), and common law wrongful discharge.  Pursuant to the parties' stipulation, the wrongful discharge claim was dismissed with prejudice on December 20, 2006.

----

[1]The parties dispute the point in time at which DRS began classifying some or all of its Financial Advisors as exempt employees.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 2

The Defendant now moves for summary judgment on the Plaintiff's FLSA and MWA claims.

**DISCUSSION**

**I.    SUBJECT MATTER JURISDICTION**

The Plaintiff alleges one federal cause of action and one state cause of action.  The Plaintiff's federal claim arises under the Fair Labor Standards Act of 1937, 29 U.S.C. § 201 et seq.  The Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331.

The Court has discretion to exercise supplemental jurisdiction over the Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. Section 1367 provides that, when a federal district court has subject matter jurisdiction over a claim, the court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III."  In this case, the Plaintiff's state law claim forms part of the same case or controversy as the Plaintiff's Fair Labor Standards Act claim because both claims are based upon the Defendants' alleged failure to pay overtime.

**II.    LEGAL STANDARD**

A moving party is entitled to summary judgment when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265, 273-74 (1986).  "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth."  *S.E.C. v. Seaboard Corp.*,

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 3

677 F.2d 1301, 1306 (9th Cir. 1982).

Initially, the party moving for summary judgment bears the burden of showing that there are no issues of material fact for trial. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274.  If the moving party satisfies its burden, the burden then shifts to the nonmoving party to show that there is an issue of material fact for trial.  Fed. R. Civ. P. 56(e), *Celotex*, 477 U.S. at 324; 106 S. Ct. at 2553; 91 L. Ed. 2d at 275.  There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202, 212 (1986).  Conclusory allegations alone will not suffice to create an issue of material fact.  *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).  Rather, the non-moving party must present admissible evidence showing there is a genuine issue for trial.  Fed. R Civ. P. 56(e); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995).

## III. FAIR LABOR STANDARDS ACT

Under the FLSA, an employer must pay an employee one and a half times the employee's usual hourly wage for all hours worked in excess of forty hours per week.  29 U.S.C. § 207(a)(1).  This requirement does not apply, however, when the employee in question is "employed in a bona fide administrative capacity."  29 U.S.C. § 213(a)(1).  The employer bears the burden of proving that the exception applies to a particular employee.  *Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1124 (9th Cir. 2002); *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 4

(9th Cir. 1983).  Moreover, "the FLSA is construed liberally in favor of employees; exemptions 'are to be narrowly construed against the employers seeking to assert them [. . .]" *Cleveland v. City of Los Angeles*, 420 F.3d 981, 988 (9th Cir. 2005)(internal citations omitted).

Whether an employee is exempt from the overtime provisions of the FLSA is a question of law appropriately determined on summary judgment.  *See Clark v. United Emergency Animal Clinic, Inc.*, 390 F.3d 1124, 1128 (9th Cir. 2004)(affirming district court's order granting summary judgment based on administrative employee exemption); *Webster*, 247 F.3d at 917-18 (same).  However, if the record before the court does not provide the necessary information, it is appropriate to try the applicability of this exception.  *Bothell*, 299 F.3d at 1129.

The Defendant argues that the Plaintiff is exempt from the overtime provisions of the FLSA as an "administrative employee."  In order to satisfy its burden of proving that this exemption applies, the Defendant must demonstrate that the Plaintiff satisfies the three requirements of the "short test."  *Bothell*, 299 F.3d at 1124.  Under the "short test," an employee is exempt from the FLSA when:

> 1) The employee is compensated at least $455 per week on a salary basis;

> 2) The employee's "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and

> 3) The employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance."

29 C.F.R. § 541.200(a); *Takacs v. A.G. Edwards & Sons, Inc.*, 444 F.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 5

Supp. 2d 1100, 1107 (S.D. Cal. 2006).

The Plaintiff responds that the administrative employee exemption is inapplicable in this case because his primary duty was not directly related to the Defendant's management or general business practices. The Plaintiff further argues that he did not exercise discretion in areas of significance.  The Plaintiff does not contest the salary basis element of the short test.

**A.    Primary Duty**

An employee is exempt from the FLSA when his or her primary duty relates directly to the "management or general business operations" of the employer.  29 C.F.R. § 541.200.  Work relates directly to management or general business operations when it is "directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment."  29 C.F.R. § 541.201 (hereinafter "Section 201").[2]  In other words, an administrative employee "engages in 'running the business itself or determining its overall course or policies," not just in the day-to-day carrying out of the business' affairs."  *Bothell*, 299 F.3d at 1125.  In issuing the 2004 regulation, the Department of Labor ("DOL") recently explained that a business's administrative operations include such activities as "advising the management, planning,

---

[2]The regulations governing FLSA exemptions were revised and reissued in 2004.  In promulgating Section 541.201, the Department of Labor cited the Ninth Circuit's decision in *Bothell* with approval.  As a result, the Court finds the 2004 regulation and *Bothell* more persuasive than the parties' references to earlier versions of the DOL regulations.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 6

negotiating, representing the company, purchasing, promoting sales,

and business research and control."  Final Rule Defining and

Delimiting the Exemptions for Executive, Administrative, Professional,

Outside Sales and Computer Employees, 69 Fed. Reg. 22122, 22138 (April

23, 2004).  Administrative operations include not only the formulation

of "management policies," but also "major assignments" and work that

"affects business operations to a substantial degree."  *Id.* at 22138.

Regarding employees in the financial services industry, DOL's

regulations specifically provide:

> Employees in the financial services industry generally meet
> the duties requirements for the administrative exemption if
> their duties include work such as collecting and analyzing
> information regarding the customer's income, assets,
> investments or debts; determining which financial products
> best meet the customer's needs and financial circumstances;
> advising the customer regarding the advantages and
> disadvantages of different financial products; and
> marketing, servicing or promoting the employer's financial
> products.  However, an employee whose primary duty is
> selling financial products does not qualify for the
> administrative exemption.

29 C.F.R. § 541.203(c)(hereinafter "Section 203(c)").

The Court finds that a genuine issue of material facts exists as

to whether the Plaintiff's primary duty related directly to DRS's

management or general business operations.  As a primary matter, the

Defendants have cited no evidence indicating that the Plaintiff worked

in management, drafted policies, or in any way influenced the manner

or procedures DRS employed in conducting its business.  While there is

some dispute concerning various aspects of the Plaintiff's

responsibilities, the record indicates that the Plaintiff spent most

of his time enrolling clients in the Defendant's debt management

program.  Roe Dep. at 116, ln 10-13.  Under *Bothell*, such "day-to-day

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 7

carrying out of the business' affairs" does not constitute general business operations.

Moreover, the Plaintiff has submitted evidence that suggests his primary responsibility was to sell a financial product to potential customers. The Plaintiff testified that he spoke with clients about their finances and offered to sign them up for DRS's debt management system. He could not, however, refuse to enroll a customer who expressed interest in the program. *Id.* at 107, ln 2-3. Under Section 203(c), selling a financial product does not directly relate to DRS's management or general operations.

The Defendant has argued that Section 203(c) suggests that the Plaintiff is an administrative employee. However, the Plaintiff has testified that he did not analyze a customer's income; a computer program performed this function. Roe Dep. at 109, ln 22-24. Nor does the record conclusively establish that the Plaintiff truly advised customers "regarding the advantages and disadvantages of different financial products." The Plaintiff offered only a single financial product: DRS's debt management plan.

Finally, the Plaintiff's deposition testimony suggests that the cases relied upon by the Defendant are distinguishable from the facts of the present case. Unlike the employee in *Webster*, the Plaintiff was not authorized to negotiate the terms of the contracts he offered. Nor was the Plaintiff's position comparable to that of the employee in *Piscione v. Ernst & Young, L.L.P*, 171 F.3d 527 (9th Cir. 1999). The *Piscione* employee's "duties included tasks that influenced the business operations and policies of Ernst & Young's clients, as well as the business operations and policies of the firm itself." *Id.* at

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 8

539.  Specifically, the employee "helped the firm adopt a voice response system," "assisted in coming up with ways to improve client services," and "organized review of 130 plans associated with an individual corporation."  *Id.*  In contrast, the Defendant in the present case has failed to meet its burden of showing that there is no genuine issue of material fact as to whether the Plaintiff exercised influence over DRS's policies or how it conducted its business.

**B.    Exercise of Discretion and Independent Judgment With Respect to Matters of Significance**

An employee is exempt from the FLSA when his or her primary duty "includes the exercise of discretion and independent judgment with respect to matters of significance."  29 C.F.R. § 541.200(3).  An employee exercises discretion and independent judgment when he or she makes a decision after comparing and evaluating all potential courses of conduct.  29 C.F.R. § 541.202(a).  "The term 'matters of significance' refers to the level of importance or consequence of the work performed."  *Id.*

**1.    Exercise of discretion**

In determining whether an employee exercises discretion and independent judgment, courts should consider all of the facts, including the factors identified in 29 C.F.R. § 541.202(b).  An employee does not exercise discretion merely because he or she uses "skill in applying well-established techniques, procedures or specific standards described in manuals or other sources."  29 C.F.R. § 541.202(e).

Genuine issues of material fact exist as to whether the Plaintiff exercised discretion in carrying out his employment duties.  While

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 9

there has been a showing that the Plaintiff made use of certain skills in analyzing each customer's financial situation, the Plaintiff's deposition testimony raises a genuine issue of material fact as to whether his responsibilities included evaluating and deciding between various courses of conduct.  The Plaintiff has testified that there were not various courses of conduct among which to choose: DRS offered only one service.  Roe Dep. at 114, ln 7-8.  While the Plaintiff's customers did have an alternative, to not sign up with DRS, the customer, rather than the Plaintiff, made this decision.  *Id*. at 106, ln 21-24.  Most importantly, the Plaintiff has testified that he did not have any discretion regarding the advice he was to give; as long as a potential customer had funds with which to pay DRS's monthly fee, the Plaintiff was to encourage him or her to sign up.  *Id*. at 106, ln 16-107, ln 3.

## 2.    Matters of significance

In order to qualify as an administrative employee, an employee must exercise discretion with regard to matters of significance.  A matter is not necessarily significant "because the employer will experience financial losses if the employee fails to perform the job properly."  29 C.F.R. § 541.202(f)(hereinafter "Section 202(f)").

On the existing record, the Court is not persuaded that, as a matter of law, the Plaintiff exercised discretion regarding matters of significance.  The Defendant bases its argument that the Plaintiff exercised discretion regarding matters of significance on the fact that the Plaintiff brought in over 90 percent of the Spokane office's business.  However, Section 202(f) indicates that this fact, standing alone, is insufficient to demonstrate that the Plaintiff exercised

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 10

discretion with regard to matters of significance.

**IV.  WASHINGTON'S MINIMUM WAGE ACT**

Under the Minimum Wage Age, employers must pay overtime to employees who work more than 40 hours a week.  Wash. Rev. Code 49.46.130(1).  As under the FLSA, this requirement does not apply to any individual employed in an administrative capacity.  Wash. Rev. Code § 49.46.010(5)(c).  Washington's Department of Labor and Industries has determined that an individual is employed in an administrative capacity when:

> 1) His or her "primary duty consists of the performance of office or non-manual field work directly related to management policies or general business operations of his employer or his employer's customers;"
>
> 2) The employee "customarily and regularly exercises discretion and independent judgment;"
>
> 3) The employee "executes under only general supervision special assignments and tasks;"
>
> 4) The employee devotes at least 80 percent of his or her time to his or her primary duty; and
>
> 5) The employee receives a salary of at least $150 per week.

Wash. Admin. Code 296-128-520 (hereinafter "Section 520").

It is not always necessary to consider FLSA and MWA claims separately.  *Webster*, 247 F.3d at 917-18.  Although the FLSA and MWA are not identical, Washington courts look to the FLSA for guidance in interpreting the MWA where the provisions of the two acts are similar.  *Drinkwitz v. Alliant Techsystems, Inc.*, 140 Wash.2d 291, 298, 996 P.2d 582, 586 (Wash. 2000).  *See also Stahl v. Delicor*, 148 Wash.2d 876, 885, 64 P.3d 10, 14 (Wash. 2003)(relying upon federal decisions in applying the retail sales exemption of MWA); *Clawson v. Grays Harbor College Dist. No. 2*, 148 Wash.2d 528, 547-48, 61 P.3d 1130, 1140

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 11

(Wash. 2003)(relying upon FLSA regulation in finding part-time instructors were salary employees); *Miller v. Farmer Bros. Co.*, 136 Wash. App. 650, 657, 150 P.3d 598, 601-02 (Wash. Ct. App. 2007)(relying on the federal regulation defining "outside salesman" in determining the applicability of the outside salesman exception).

Concurrent consideration of the Plaintiff's FLSA and MWA claims is appropriate in this case because the tests for the primary duty and exercise of discretion elements of the FLSA and MWA are almost identical. *Compare* 29 C.F.R. § 541.200(a)(2)-(3), *and* WAC § 296-128-520. *See also Webster*, 247 F.3d at 917-18 (observing, "The primary duties prong of the MWA and the FLSA short tests are nearly identical"); *Mitchell v. PEMCO Mut. Ins. Co.*, 134 Wash. App. 723, 733-34, 142 P.3d 623, 627, (Wash. Ct. App. 2006)(relying on federal regulation in interpreting the discretion and independent judgment element of Section 590).

Accordingly, the genuine issues of material fact that prevent the Court from granting summary judgment on the Plaintiff's FLSA claim also prevent the Court from granting summary judgment on the Plaintiff's MWA claim. As explained above, genuine issues of material fact exist as to whether the Plaintiff's primary responsibility was related to management policies or general business operations. Nor has the Defendant demonstrated that there are no genuine issues of material fact concerning the Plaintiff's exercise of discretion and independent judgment.

## V.   ROE'S ABILITY TO PROVE DAMAGES

As a general rule, an employee seeking unpaid overtime under the FLSA bears the burden of proving that he or she did not receive proper

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 12

compensation for work performed.  *Nash v. Resources*, 982 F. Supp. 1427, 1434 (D. Or. 1997)(citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87, 66 S. Ct. 1187, 1192, 90 L. Ed. 1515, 1522 (1946)).  However, where the employer has failed to maintain records of the number of hours the employee worked, "the presentation of evidence by the employees as to their own hours creates a rebuttable presumption that employees worked those hours." *Wang v. Chinese Daily News, Inc.*, 435 F. Supp. 2d 1042, 1061 (C.D. Cal. 2006).  Once an employee has shown that he or she is entitled to damages, "it is the duty of the trier of facts to draw whatever reasonable inferences can be drawn from the employees' evidence" concerning the number of hours worked.  *Mt. Clemens*, 328 U.S. at 693, 66 S. Ct. at 1195, 90 L. Ed. at 1526.  Thus, "a court may award damages to an employee even though the award be only approximate." *Alvarez v. IBP*, 399 F. 3d 894, 914 (9th Cir. 2003)(internal citations omitted).

The Defendant argues that the Plaintiff's case should be dismissed because the Plaintiff has failed to prove damages with reasonable certainty at summary judgment.  However, the Court believes that dismissal of a plaintiff's claims for lack of specificity regarding damages is inappropriate at summary judgment.  Moreover, the parties agree that DRS did not maintain any records illustrating the number of hours that the Plaintiff worked.  Consequently, under *Mt. Clemens*, the Plaintiff's deposition testimony and declaration create a rebuttable presumption that the Plaintiff's estimate is correct.  The Plaintiff has testified that he worked overtime.  Roe Dep. at 136.  He has also provided an estimate of the number of hours of overtime he worked.  Roe Decl. ¶ 9.  Under *Mt. Clemens* and its progeny, this is

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 13

1  sufficient to send the question of damages to trial.

2      **CONCLUSION**

3      For the reasons stated above, the Court finds that genuine issues

4  of material fact exist regarding the applicability of the

5  administrative employee exemption to the present case.  The

6  Plaintiff's claims brought under the Fair Labor Standards Act and

7  Washington's Minimum Wage Act must thus proceed to trial for a

8  determination of liability and damages.  The Plaintiff's wrongful

9  discharge claim was previously dismissed and is no longer a part of

10 this action.  Accordingly,

11     **IT IS HEREBY ORDERED** that the Defendant's Motion for Summary

12 Judgment Dismissal, **Ct. Rec. 12**, is **DENIED**.

13     **IT IS SO ORDERED.**  The District Court Executive is hereby

14 directed to enter this order and furnish copies to counsel.

15     **DATED** this __30th__ day of April, 2007.

16
                          ___s/ Fred Van Sickle___
17                           Fred Van Sickle
                          United States District Judge
18

19

20

21

22

23

24

25

26

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 14